[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
As part of a plea bargain, defendant-appellant, Dillard Cantrell, pleaded guilty to one count of aggravated assault pursuant to R.C.2903.12(A). The trial court sentenced him to eighteen months' incarceration, the maximum sentence the court could impose.
In his sole assignment of error, Cantrell contends that the trial court's sentence was contrary to law. He argues that the trial court should not have imposed the maximum sentence and that the record does not support the trial court's findings. The trial court found both that Cantrell had committed the worst form of the offense and that he posed the greatest likelihood of recidivism. It based these findings on Cantrell's prior convictions, his previous prison terms, the brutal nature of the offense and the serious harm suffered by the victim.
Consequently, the trial court made the findings required by R.C.2919.14(C) to justify the imposition of the maximum sentence and adequately stated its reasons for making those findings. We cannot say that the trial court's sentence was not supported by clear and convincing evidence or that it was contrary to law. Therefore, we will not disturb the sentence. See State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131; State v. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported; State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported. Accordingly, we overrule Cantrell's sole assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.